**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 02-6347**

───────────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JOHNEY FREEMAN, a/k/a Johnny Freeman, a/k/a
Johnny, a/k/a Mr. J, a/k/a J,

                                        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (CR-88-76, CA-97-409)

───────────────

Submitted:  May 16, 2002            Decided:  May 23, 2002

───────────────

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Johney Freeman, Appellant Pro Se.  Robert Joseph Seidel, Jr.,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Johney Freeman seeks to appeal the district court's order denying his motion to reconsider under Fed. R. Civ. P. 60(b) the denial of his 28 U.S.C.A. § 2255 (West Supp. 2001) motion. We dismiss the appeal for lack of jurisdiction because Freeman's notice of appeal was not timely filed.

Parties are accorded sixty days after entry of the district court's final judgment, when the United States is a party, to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on November 30, 2001. Freeman's notice of appeal was filed on February 8, 2002, under Houston v. Lack, 487 U.S. 266 (1988). Because Freeman failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED